**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **DANIT JOHNSON,** | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-18-3612 |
| | * |
| **NAVIENT SOLUTIONS LLC,** | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Danit Johnson brings this consumer protection action against Defendant Navient Solutions, LLC (Navient) alleging Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.*, and common-law defamation claims. ECF No. 1-3. Pending before the Court is Plaintiff's Motion to Strike Defendant's Motion to Dismiss. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's motion, construed as a Motion to Amend Complaint, will be granted in part and denied in part.

**I.  BACKGROUND[1]**

Defendant services seven of Plaintiff's student loans. ECF No. 1-3 at 3. In July 2010, Plaintiff's ex-husband died suddenly. ECF No. 8-1 at 2. His death left Plaintiff as the sole caretaker for their four children and caused her financial strain. *Id.* As a result, between 2010 and the middle of 2017, Plaintiff's student loans moved in and out of default. *Id.* During this period, in 2014, the loan servicing company known as Sallie Mae, Inc., which serviced Plaintiff's loans,

---

[1] Unless otherwise stated, these facts are taken from Plaintiff's pleadings, ECF Nos. 1-3, 8, and are presumed to be true.

ECF No. 8-5 at 2, changed its name to Navient Solutions, Inc. and became a wholly-owned subsidiary of Navient Corporation. *See* 2014 SEC Form 10-K for Navient Corporation, available at https://www.navient.com/assets/about/investors/shareholder/annual-reports/NAVI_2014_Form_10-K_2-27-15_Final.pdf.[2] Navient Solutions, Inc. later converted to a limited liability company and is now known as Navient Solutions, LLC. *Id.* Sallie Mae informed Plaintiff of its name change on September 23, 2014. ECF No. 8-5 at 2

In October 2017, Plaintiff completed a loan rehabilitation program with consecutive on-time monthly payments, demonstrating a renewed ability to repay her loans. ECF No. 8-1 at 2. At the end of the program, Defendant assigned Plaintiff a $574.99 monthly payment for her outstanding loans. ECF No. 1-3 at 1. This monthly payment was broken out into two separate automatic withdrawals from Plaintiff's credit union in the amount of $304.58 and $270.41. *Id.* at 2, 9–15.

In January 2018, Plaintiff noticed inaccurate information on her credit reports about the amount and status of her loan payments. ECF No. 1-3 at 2; ECF No. 8-1 at 2–3. On January 13, 2018, Plaintiff disputed the inaccurate information with the credit reporting agency (CRA) Experian. ECF No. 8-6 at 4.[3] Experian notified Defendant of the dispute, ECF No. 8-1 at 2, but Defendant failed to investigate and modify the inaccurate information, *id.* For example, although Plaintiff was making regular, timely payments, Defendant continued to report her payments as

---

[2] *Levy-Tatum v. Navient & Sallie Mae Bank*, No. CV 15-3794, 2016 WL 75231, at *6 (E.D. Pa. Jan. 7, 2016) (taking judicial notice of the fact that "Sallie Mae . . . went through a corporate reorganization . . . creating . . . (1) a restructured SLM Corporation . . . and (2) Navient Corporation, of which defendant Navient Solutions, Inc. is a subsidiary.").

[3] Plaintiff's initial Complaint did not allege that Plaintiff disputed the inaccurate information appearing on her credit reports with a CRA, mentioning only her direct disputes with Defendant. ECF No. 1-3. However, in support of her Motion to Strike, Plaintiff describes submitting a dispute to Experian and attaches documents showing that she did so. ECF No. 8-1; ECF No. 8-6 at 4.

"90 Days Past Due" and "delinquent." ECF No. 1-3 at 52–53. Plaintiff alleges that Defendant inaccurately reported her loans as delinquent "with actual knowledge of the errors." *Id.* at 2.

Plaintiff filed her initial Complaint against Defendant in the District court for Prince George's County, Maryland on October 15, 2018. ECF No. 1-3. Defendant then removed the case to this Court, ECF No. 1, and moved to dismiss the Complaint, ECF No. 5. Plaintiff responded to Defendant's Motion to Dismiss with a pleading entitled Motion to Strike Defendant's Motion to Dismiss. ECF No. 8.

**II.    DISCUSSION**

Liberal construction of the pleadings, is appropriate where, as here, a party is self-represented. *See Spencer v. Earley*, 278 Fed. Appx. 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) ("[d]ismissal of a *pro se* complaint ... for failure to state a valid claim is [ ] only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief'")) (emphasis in original). "[T]he mandated liberal construction afforded to *pro se* pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are . . . not required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

Courts may construe "*pro se* filings and subsequent reply briefs as motions to amend." *Royal v. United States*, No. CIV. AW-13-386, 2013 WL 3868152, at *2 (D. Md. July 24, 2013) (collecting cases); *See also Evans v. United States,* Civil Action No. DKC 2004–2830, 2007 WL 2572432, at *1 (D.Md. Sep. 4, 2007) (construing supplemental filing as motion to amend). Because Plaintiff alleges new facts relevant to her FCRA claim in her response to Defendant's

Motion to Dismiss and in light of the liberal construction rules applied to self-represented parties, this Court will construe Plaintiff's Motion to Strike Defendant's Motion to Dismiss as a Motion to Amend her initial Complaint.

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Defendant will not be prejudiced if Plaintiff is granted leave to amend and Plaintiff has not acted in bad faith. The only new facts Plaintiff asserts are that in addition to disputing inaccurate information appearing on her credit report directly with Defendant, Plaintiff notified a CRA of this dispute and the CRA notified Defendant. Thus, even though Plaintiff did not include these allegations in her initial Complaint, Defendant already knew that Plaintiff had notified a CRA of the disputed information because Experian had put Defendant on notice. Defendant asks the Court to dismiss Plaintiff's Complaint based on a technical deficiency rather than allow her leave to amend, but were the Court to grant Defendant's request, Plaintiff could simply refile her suit with her amended allegations—extending the life of this litigation and depriving both parties of an efficient resolution. Moreover, although Plaintiff titled her motion as a Motion to Strike rather than a request for leave to amend, Defendant had an opportunity to respond with an explanation about why an amendment would prejudice Defendant or be futile. ECF No. 12 at 6 n. 3. Defendant did not do so, instead arguing only that Plaintiff had failed to request leave to amend using magic words. *Id.* Additionally, there is no allegation that Plaintiff acted in bad faith.

In sum, Defendant will suffer no prejudice if Plaintiff is granted leave to amend and Plaintiff has not acted in bad faith.

Next, the Court considers whether Plaintiff's amended allegations would be futile. An amendment is futile if the amended allegations would not survive a motion to dismiss because the complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Generally, if the Court considers matter outside the pleadings when deciding a defendant's 12(b)(6) motion, the Court must treat a motion to dismiss as one for summary judgment. *Jakubiak v. Perry,* 101 F.3d 23, 24 n. 1 (4th Cir. 1996). However, "the court may properly consider documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

For Plaintiff to sufficiently allege an FCRA claim that Defendant failed to comply with 15 U.S.C. § 1681s-2(b)(1)(A)'s investigation requirement, she must assert (1) that she notified a CRA of the disputed information, (2) that the CRA notified the Defendant furnisher of the dispute, and (3) that the furnisher then failed to reasonably investigate and modify the inaccurate information. *Johnson v. MBNA Am Bank, NA*, 357 F.3d 426, 430–31 (4th Cir. 2004). Plaintiff's amended allegations assert that she notified Experian of disputed information appearing on her credit report. ECF No. 8-1 at 2–3; ECF No. 8-6 at 4. She further alleges that Experian notified

Defendant of the dispute, but Defendant failed to investigate the dispute or modify the inaccurate information on Plaintiff's report. ECF No. 8-1 at 2. Although Plaintiff was making regular, timely loan payments, Defendant continued to report her payments as "90 Days Past Due" and "delinquent." ECF No. 1-3 at 52–53. Taken together, Plaintiff's amended allegations are not futile as to her FCRA claim.

Common-law claims for defamation are preempted by the FCRA except where "false information [is] furnished with malice or willful intent to injure consumer." 15 U.S.C. § 1681h(e). "Malice can be established by evidence showing the defendant made a false statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *New York Times v. Sullivan,* 376 U.S. 254, 279–80 (1964); *Capital–Gazette Newspapers, Inc. v. Stack,* 293 Md. 528, 445 A.2d 1038, 1043–45 (Md.1982) (adopting the Supreme Court's definition of malice in the context of Maryland common-law defamation cases). Plaintiff has alleged that Defendant acted with reckless disregard for the truth when it furnished inaccurate data about Plaintiff's debt "with actual knowledge of the errors." ECF No. 1-3 at 2. Specifically, Defendant knew that Plaintiff was making regular, timely payments, yet repeatedly reported her payments as past due or delinquent. ECF No. 8-1 at 2; ECF No. 1-3 at 52–53. As such, Plaintiff's defamation allegations are not futile.

Plaintiff has not asserted amended allegations relevant to her FDCPA claim, and her current allegations are insufficient to survive a motion to dismiss. The FDCPA only applies to "debt collectors," *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n. 3 (4th Cir. 2012), but Defendant does not meet the statutory definition of this term.

A debt collector is "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). According to §1692a(6), a debt collector does not include creditors seeking to collect debts that were not in default at the time they were obtained by the entity. 15 U.S.C. § 1692a(6)(F)(iii). Loan servicing companies are therefore statutorily exempt from the FDCPA when they take action to collect debts that were not in default at the time they acquired the debts. *See id.*; *see also Webb v. Green Tree Servicing, LLC*, No. CIV.A. ELH-11-2105, 2012 WL 2065539, at *3 (D. Md. June 7, 2012) ("mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA, to the extent that they take action to collect debts that were not in default at the time they acquired the debts.").

Here, Plaintiff does not allege that her loans were in default when Defendant obtained them. Instead, Plaintiff alleges that Defendant has continuously serviced her loans since before they moved in and out of default between 2010 and 2017. ECF No. 8-1 at 2; ECF No. 8-5 at 2. Although Defendant changed its name from Sallie Mae, Inc. to Navient Solutions, LLC, Defendant has always serviced Plaintiff's loans. *Id.* Because Defendant did not obtain Plaintiff's loans while they were in default, Defendant is not a "debt collector" within the meaning of the FDCPA, and Plaintiff's FDCPA allegations are futile and will be dismissed.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Motion to Dismiss, construed as a Motion for Leave to Amend, will be granted as to Plaintiff's FCRA and defamation claims and denied as to Plaintiff's FDCPA claim. A separate Order shall issue.

Date: <u>May 28, 2019</u>                              /s/_____
                                                                 GEORGE J. HAZEL
                                                                 United States District Judge